United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK D. REAGANS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC,<br><br>Defendant. | Case No.: 12-cv-2190 YGR<br><br>**ORDER DENYING MOTION TO REMAND** |

Before the Court is the motion of Plaintiff Derek D. Reagans, Jr., ("Plaintiff") for remand to the state court pursuant to 28 U.S.C. §1447(c) on the grounds that the Court lacks subject matter jurisdiction. Defendant AlliedBarton Security Services, LLC, ("Defendant") removed the case from the San Francisco Superior Court by Notice filed May 2, 2012. (Dkt. No. 1, Notice of Removal ["NOR"].) Defendant opposes the motion on the basis that each of Plaintiff's claims is preempted by and arises under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion for remand.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for July 24, 2012.

**BACKGROUND**

Plaintiff's original pleading, filed March 2, 2012, alleged claims for: (1) wrongful termination in violation of public policy; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of the implied covenant not to terminate except with good cause; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) and breach of contract. (NOR Exh. 4 ["Complaint"].)

Plaintiff alleges that he was employed by Defendant as a security guard for one year and three months, with his last day of work being March 31, 2010. (Complaint ¶ 2.) Plaintiff claims that Defendant wrongfully severed the employer-employee relationship and terminated him. (*Id*.) The complaint alleges an oral employment agreement. (Complaint ¶ 3.) Plaintiff states that on March 8, 2010, he was asked by Defendant's district manager to stay on with the same shift, pay and schedule, even though a new owner was taking over the worksite, and he agreed. (Complaint ¶ 4.) He alleges that he called in sick on Saturday April, 3, 2010, and when he returned on April 4, 2010, a new employee had taken over his shift and he was taken off the schedule permanently without an explanation. (Complaint ¶ 8-11.) Plaintiff alleges he was terminated in violation of public policy for calling in sick and that Defendant terminated him in bad faith for reasons extraneous to the employment agreement, without just cause. (Complaint ¶ 12, 17.) He further alleges that his termination also breached the oral agreement he made with Defendant's district manager. (Complaint ¶ 37-40.) Finally, he alleges that, as a result of this termination, he was subjected to intentional and negligent infliction of emotional distress. (Complaint ¶ 27, 32.)

Defendant removed the case pursuant to 28 U.S.C. § 1441, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the grounds for removal. Attached to the Notice of Removal is a declaration of Farnaz Homayoun, District Support Manager for Defendant's Oakland and San

2

Francisco District Offices (NOR Exh. 1 ["Homayoun Dec."]), as well as a copy of the collective bargaining agreement (NOR Exh. 2 ["CBA"].)

## APPLICABLE STANDARD

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).

"The question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 at 9-10 (1983). The "arising under" qualification of section 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).

Under the "complete preemption doctrine," if an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law and is removable. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393. (1987). "Controversies involving collective bargaining agreements

3

constitute one such area." *Galvez v. Kuhn,* 933 F.2d 773, 776 (9th Cir.1991), citing *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399 (1988) and *Allis–Chalmers Corp. v, Lueck,* 471 U.S. 202 (1985).

**DISCUSSION**

Defendant argues that it properly removed the action because all of Plaintiff's claims are preempted by Section 301 of the LMRA. Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Federal law under Section 301 displaces any state claim based on a collective bargaining agreement, or dependent upon the interpretation of such an agreement to determine its outcome. *See Lingle, supra,* 486 U.S. at 405–06; *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987); *Miller v. AT & T Network Systems,* 850 F.2d 543, 545 (9th Cir.1988); *Cook v. Lindsay Olive Growers,* 911 F.2d 233, 237 (9th Cir. 1990). The preemption determination is based upon the claim itself and whether that claim requires the court to interpret the collective bargaining agreement. *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir. 2001). Section 301 preemption "is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." *Id*. However, it is not dispositive that a complaint is framed without reference to a collective bargaining agreement. *Allis–Chalmers Corp. v, Lueck,* 471 U.S. 202, 210–11 (1985). Even suits based on torts are governed by federal labor law if their determination is "inextricably intertwined with consideration of the terms of [a] labor contract." *Id.; see also Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1385 (N.D. Cal. 1997).

Plaintiff contends in his motion that the LMRA does not apply to his state suit because he is not suing the labor union and is not alleging a violation of the collective bargaining agreement. While Plaintiff concedes that his employment with Defendant was governed by a collective

bargaining agreement. However, he contends that Defendant found a "crude and deceitful loophole" to avoid the collective bargaining agreement by removing him from his normal work shift rather than terminating him outright, which would have required Defendant to notify the labor union. (Dkt. No. 9, [Motion] at 9.) Thus, Plaintiff argues that his claims are straightforward state law matters, not federal questions.

The Court's examination of the claims pleaded shows that they are not independent of the collective bargaining agreement but are intertwined with its terms. They are preempted completely by Section 301 of the LMRA and therefore properly removed to the federal court.

## A.    Breach of Contract

Plaintiff' alleges a claim for breach of contract based on the alleged oral contract with the district manager regarding continued employment. Plaintiff alleges that he entered into an alleged oral agreement with Defendant that included an agreement not to terminate his employment "unless there was good and just reason to do so." (*See* Complaint ¶¶ 19-20, 37-40.)

Claims for breach of a separate or independent agreement are preempted where the position in question is covered by a collective bargaining agreement. *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (holding that where "position in dispute is covered by the CBA, the CBA controls and any claims seeking to enforce the terms [of a separate agreement] are preempted."); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir. 1989) (alleged agreement not to terminate except upon a showing of good cause concerned job position governed by collective bargaining agreement and therefore was completely preempted by section 301); *Young*, 830 F.2d at 997-98 (same); *see also Marbley v. Kaiser Permanente Medical Group, Inc.*, 2009 WL 2157145, at *4 (N.D. Cal. July 20, 2009) (claim for breach of implied covenant to terminate only for cause was preempted).

5

Plaintiff concedes that his employment was covered by the terms of a collective bargaining agreement. Defendant submitted a copy of that agreement. (NOR Exh. 1 [Homayoun Dec.], Exh. 2 [CBA].) There is no question that this claim is preempted under Section 301, giving this Court jurisdiction.

**B.     Breach of Implied Covenant of Good Faith and Fair Dealing and Implied Covenant Not To Terminate Except With Good Cause**

Plaintiff pleads a claim for breach of the implied covenant of good faith and fair dealing based on his allegation that Defendant "terminated plaintiff without good, just or legitimate cause." (Complaint ¶17.) He also alleges a separate, though essentially identical, claim for breach of the implied covenant "not to terminate except with good cause" based upon Defendant's assurance that he would have continued employment and would not be terminated without "good and just reason to do so." (Complaint ¶19.)

The Ninth Circuit has held that claims for breach of an implied covenant are preempted under Section 301 where the terms of the collective bargaining agreement encompass the same rights and protections as are alleged to arise from the implied covenant. *See Chmiel, supra,* 873 F.2d at 1286 (covenant of good faith and fair dealing claim preempted by collective bargaining agreement containing job security term); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 644-45 (9th Cir. 1989) (same); *see also Kirton*, 982 F.Supp. at 1386, n. 1 (same); *Marbley, supra,* 2009 WL 2157145, at *4 (same). "Claims for breach of the implied covenant of good faith and fair dealing are designed to protect the job security of employees who at common law could be fired at will." *Kirton*, 982 F.Supp. at 1386, n. 1. For employees covered by a collective bargaining agreement that expressly includes job security and good cause for termination provisions, the express terms prevail and Section 301 preempts any implied covenant claim.

Here again, it is clear that Plaintiff's position is covered by the collective bargaining agreement, so any alleged separate agreement giving rise to an implied covenant claim would be preempted, as stated above. Furthermore, the implied covenant claims here concern matters that are directly addressed by the collective bargaining agreement, i.e. termination and good cause. Article 4.2 of the collective bargaining agreement covers employee discipline and discharge. (NOR Exh. 2.) It provides that no non-probationary employee "will be discharged for offenses, which do not in and of themselves constitute just cause for discharge unless the employee has received two (2) prior written warnings within twelve (12) months of the offense." (*Id.*) Thus, the terms of the collective bargaining agreement address when employees may be terminated without good cause and Plaintiff's breach of implied covenant claims are preempted by Section 301.

**C.    Wrongful Termination in Violation of Public Policy**

Plaintiff alleges that he was terminated because he called in sick, and that termination on that basis is a violation of public policy. A claim for wrongful termination in violation of public policy requires the plaintiff to "identify a public policy which: (1) is supported by a constitutional or statutory provision; (2) inures to the benefit of the public at large; (3) is fundamental and substantial; and, (4) is well established at the time of plaintiff's discharge." *Deschene v. Pinole Point Steel Co.*, 76 Cal. App. 4th 33, 43 (1999). In *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987), the Ninth Circuit held that a state law claim for wrongful discharge in violation of public policy brought by employees covered by a collective bargaining agreement is preempted by Section 301 if: (1) it is not based on any genuine state public policy; or (2) it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship. *See Young*, 830 F.2d at 1001-02 (no state public policy pleaded where termination alleged to have been triggered by employee's statements during a tax audit).

7

Here, Plaintiff alleges "[i]t is against the Public Policy of the State of California to terminate plaintiff simply because plaintiff called off sick[;] plaintiff had every legal and moral right to call off sick." (Complaint ¶ 12.) He does not identify any statutory or other legal basis for the alleged public policy, nor is the Court aware of any California public policy regarding the right to "call off sick" *per se*. The general "policy" as pleaded here is not a policy independent of the employment relationship. Further, the collective bargaining agreement includes provisions regarding discipline and termination, sick leave, and management rights. (NOR Exh. 2 at §§ 4, 18, 27.) Therefore, the wrongful termination in violation of public policy claim is preempted by Section 301, and there is federal question jurisdiction.

**D.     Emotional Distress Claims**

Plaintiff alleges claims for intentional infliction of emotional distress and negligent infliction of emotional distress arising from his wrongful termination. (Complaint ¶¶ 27-28, 32-33.) Under California law, for behavior to give rise to an intentional infliction of emotional distress claim, the alleged conduct must be so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized community is required. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1004 (1993); *Saridakis v. United Airlines*, 166 F.3d 1272, 1278 (9th Cir. 1999). Where the conduct alleged to give rise to the intentional and negligent infliction of emotional distress claims all concerns aspects of the employment relationship covered by the collective bargaining agreement, such claims are preempted by Section 301. *See Jackson*, 881 F.2d at 645 (holding that emotional distress claims based on termination required analysis of CBA's discipline and discharge provisions and were therefore preempted); *Chmiel*, 873 F.2d at 1286 (holding that intentional infliction of emotional distress claim resulting from termination was preempted because "resolution of the claims is inextricably intertwined with the interpretation of the CBA"); *Miller, supra*, 850 F.2d at 551

("[b]ecause the emotional distress claim requires consideration of reasonableness of AT&T's behavior, which in turn could depend on whether that behavior violated the collective bargaining agreement, the claim is preempted."); *Kirton*, 982 F.Supp. at 1387 (emotional distress claims arising out of discharge are preempted by section 301).

To determine whether Defendant's alleged conduct – terminating Plaintiff without good cause -- is extreme and outrageous, the Court would be called upon to interpret the provisions of the collective bargaining agreement concerning discipline and good cause for termination. As a result, the claims are preempted by Section 301 and removal jurisdiction is established.

## CONCLUSION

The Court cannot agree that the claims here are independent of the collective bargaining agreement that concededly covered Plaintiff's employment with Defendant. The claims are preempted under long-standing labor law principles interpreting Section 301 of the LMRA. Because the claims are completely preempted, removal jurisdiction is established. Therefore, the motion is **DENIED**.

IT IS SO ORDERED.

Date: July 19, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

9